UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIRA KADIRI,

    Plaintiff,

v.                                                           Case No. 8:20-cv-1567-CPT

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

**O R D E R**

    The Plaintiff seeks judicial review of the Commissioner's denial of her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).  For the reasons discussed below, the Commissioner's decision is affirmed.

I.

    The Plaintiff was born in 1978, has a high school education, and has past relevant work experience as a companion and home health aide.  (R. 40, 111).  In October 2016, the Plaintiff applied for DIB and SSI, alleging disability as of March 2015 due to asthma, depression, migraine headaches, and lower back pain.  (R. 111–

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the Defendant in this suit.

12, 122–23). The Social Security Administration (SSA) denied the Plaintiff's applications both initially and on reconsideration. (R. 120, 136, 150, 167).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter in January 2019. (R. 80–105, 202–03). The Plaintiff was represented by counsel at that proceeding and testified on her own behalf. (R. 80, 83–98). A vocational expert (VE) also testified. (R. 98–104).

In a decision issued in June 2019, the ALJ found that the Plaintiff: (1) had not engaged in any substantial gainful activity since her alleged onset date in March 2015; (2) had the severe impairments of asthma, obesity, osteoarthritis, hemolytic anemias, sleep related sleeping disorders, and degenerative disc disease in her back; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listings;[2] (4) had the residual functional capacity (RFC) to perform a restricted range of light work with some exertional and environmental limitations; and (5) based on the VE's testimony, could not engage in her past relevant work but was capable of making a successful adjustment to other jobs that exist in significant numbers in the national economy. (R. 29, 32–42). In light of these findings, the ALJ concluded the Plaintiff was not disabled. (R. 41–42).

---

[2] The listings are found at 20 C.F.R. Pt. 404, Subpt. P, App'x 1, and catalog those impairments that the SSA considers significant enough to prevent a person from performing any gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). When a claimant's affliction(s) match an impairment on the list, the claimant is automatically entitled to disability benefits. *Id.*; *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

The Appeals Council denied the Plaintiff's subsequent request for review. (R. 1–7). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).[3] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)); *see also* 20 C.F.R. § 416.920(a)(4).[4] Under this process, an ALJ must assess whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals one of the listings; (4) has the RFC to engage in her past relevant work; and (5) can perform other jobs in the national economy given her RFC, age, education, and work experience. *Id.* (citing

---

[3] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)). Although the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1279 (11th Cir. 2020) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove she cannot engage in the work identified by the Commissioner. *Goode*, 966 F.3d at 1279. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019) (citations and quotations omitted). In evaluating whether substantial evidence supports the Commissioner's decision, a court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence."

4

*Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). While a court will defer to the Commissioner's factual findings, it will extend no such deference to her legal conclusions. *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citing *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).

III.

The Plaintiff's sole challenge on appeal is that the Appeals Council erred by not providing her with a notice required under Social Security Ruling (SSR) 11-1p when the Council declined to review her case, and that the Court should therefore reverse and remand the case to the Commissioner. (Doc. 33 at 5–6, 11). After a thorough review of the parties' submissions and the record, the Court finds the Plaintiff's challenge to be without merit.

A claimant may generally tender additional evidence at each stage of the SSA's administrative process, including when the matter is before the Appeals Council. *Norton v. Comm'r of Soc. Sec.*, 853 F. App'x 519, 520 (11th Cir. 2021) (per curiam) (citing *Hargress*, 883 F.3d at 1308). The Appeals Council must consider such evidence "'if it is new, material, and chronologically relevant.'" *Id.* (quoting *Hargress*, 883 F. App'x at 1309). Evidence is considered "new" if it was not previously before the ALJ and if it is not otherwise cumulative of existing record evidence. *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987); *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986). Evidence is deemed "material" if it "is 'relevant and probative so that there is a reasonable possibility that it would change the administrative result.'" *Stone v. Soc. Sec.*

5

*Admin.*, 658 F. App'x 551, 553 (11th Cir. 2016) (per curiam) (quoting *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987)). And evidence is "chronologically relevant" if it relates to the period on or before the date of the ALJ's decision, even if it was rendered after the ALJ's opinion. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1322–23 (11th Cir. 2015).

Pertinent to the Plaintiff's challenge here, if the Appeals Council finds that the supplemental evidence is not chronologically relevant, it is mandated under SSR 11-1p to return the additional evidence to the claimant. SSR 11-1p, 2011 WL 3962767, at *3 (S.S.A. July 28, 2011). More importantly, SSR 11-1p directs the Appeals Council to include with the returned evidence a notice informing the claimant that if she chooses to file a new SSI claim within sixty days of the Council's decision, the SSA "will consider the date [the claimant] filed the request for Appeals Council review as the filing date for [her] new claim." *Id.*

In this case, the Plaintiff submitted supplemental records to the Appeals Council, which consisted of treatment notes relating to the care the Plaintiff received for her headaches and back pain, among other afflictions. (R. 51–79). A number of these records pre-dated the ALJ's disability determination. (R. 66–70, 71–75). In a decision issued in May 2020, the Appeals Council determined that the Plaintiff's additional evidence "d[id] not show a reasonable probability that it would change the outcome of the [ALJ's] decision" and therefore denied the Plaintiff's request for review. (R. 2).

The Plaintiff now argues that, despite the fact that some of the materials she tendered to the Appeals Council were not chronologically relevant, the Council neglected to provide her with the notice required under SSR 11-1p when it declined to grant her the sought-after relief. (Doc. 33 at 6); (R. 2). The Plaintiff further avers that she filed a new application[5] in June 2020 shortly after receiving the Appeals Council's ruling, and that the Council's purported failure to include this notice deprived her of potential benefits. (Doc. 33 at 6).

There are several problems with the Plaintiff's challenge. To begin, in order for a case to be remanded based on the submission of new evidence to the Appeals Council, a "claimant must show that, in light of th[is] new evidence . . . , the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 902 (11th Cir. 2013) (per curiam) (citing *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1266–67 (11th Cir. 2007)). The Plaintiff does not argue, however, much less demonstrate that the materials she tendered to the Appeals Council undermined the ALJ's decision. Indeed, as the Commissioner points out, the Plaintiff does not challenge any of the ALJ's findings or even the ALJ's ultimate disability determination. (Doc. 33 at 6). The Plaintiff also does not cite to any authority which buttresses her position. As a result, she does not carry her burden of establishing a basis for remand.

---

[5] The Plaintiff does not specify whether her new application was for DIB, SSI, or both. Because she maintains that she should have been provided a sixty-day notice, the Court will presume for purposes of its analysis that the application was for SSI.

7

In addition to these deficiencies, the Plaintiff's argument suffers from another defect as well.  It seems from the language of SSR 11-1p that the Appeals Council is only compelled to provide the notice about the filing date of a new claim if it finds that the supplemental evidence was not chronologically relevant.  *See* SSR 11-1p; *Downing v. Comm'r of Soc. Sec.*, 856 F. App'x 822, 824–25 (11th Cir. 2021) (per curiam) (finding that the notice of filing date is required under SSR 11-1p only if the evidence is not chronologically relevant).  Because the Appeals Council determined here that the additional evidence was not material (as opposed to not chronologically relevant), it appears it was not obligated to send the Plaintiff the notice mandated under SSR 11-1p.  *See McCloud v. Comm'r of Soc. Sec.*, 2021 WL 4272986, at *5 (M.D. Fla. Sept. 21, 2021) (stating that because the Appeals Council "found that the evidence did not show a reasonable probability that it would change the outcome of the decision," it did not appear that SSR 11-1p applied "and the Appeals Council was [therefore] not required to send the requisite notice under this Rule").  Again, the Plaintiff does not offer any authority which supports a contrary conclusion.

Finally, even if the Court were to accept the Plaintiff's contention that the Appeals Council erred in not providing her with the requisite notice, she seemingly was still able to file a new application within the sixty-day time frame prescribed by SSR 11-1p.  Accordingly, it appears that any such error committed by the Appeals

Council was harmless. *Downing*, 856 F. App'x at 825 (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).[6] The Plaintiff does not meaningfully argue otherwise.

IV.

Based on the foregoing, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk of Court is directed to enter Judgment in the Defendant's favor and to close the case.

SO ORDERED in Tampa, Florida, this 30th day of March 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record

---

[6] To the extent the Plaintiff may claim she was deprived of an earlier filing date on her new claim, such an argument would seem to be premature as the new application appears to be pending before the SSA. *See McCloud*, 2021 WL 4272986, at *5 (finding that a claimant had not yet exhausted her administrative remedies as to whether she was afforded the correct filing date pursuant to SSR 11-1p because her appeal was still pending at the agency level) (citation omitted).